UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                    Case No.  5:03-cr-31-Oc-10GRJ

THOMAS C. VINCENT
_____/

**O R D E R**

This case is before the Court for consideration of the Defendant's Motion to Correct Sentence (Doc. 36).  In his motion, the Defendant requests the Court to give him credit for the time he served from August 28, 2005 until October 19, 2005.  For the reasons that follow, the Defendant's motion is due to be denied.

**PROCEDURAL BACKGROUND**

On May 17, 2005, a Petition for Warrant or Summons for Offender under Supervised Release was filed by the Defendant's probation officer.  On August 11, 2005, the Defendant appeared before the United States Magistrate Judge and he was released on bond. On August 29, 2005, the Defendant's probation officer filed a petition requesting that the Court revoke the Defendant's bond because the Defendant engaged in criminal conduct on August 28, 2005.  Specifically, the Defendant was charged with domestic battery and criminal mischief in state court. On August 29, 2005, an arrest warrant was issued, and on October 5, 2005, the Defendant was taken into custody by the United States Marshal.  On October 19, 2005, the Court revoked the Defendant's term of

supervised release and remanded the Defendant into the custody of the Bureau of Prisons for a term of four (4) months. The Defendant's Motion to Correct Sentence was filed on November 8, 2005, but it is dated November 7, 2005.

## DISCUSSION

Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Since the Defendant's motion was filed more than 7 days after his sentencing, and is therefore untimely, the Court is without authority to correct his sentence. Furthermore, even if the Defendant's motion was timely, the Attorney General, through the Bureau of Prisons, has the authority to compute the amount of credit due to the Defendant after he begins his sentence, not the Court.[1] Accordingly, upon due consideration, the Defendant's motion (Doc. 36) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
Counsel of Record
Maurya McSheehy, Courtroom Deputy
Thomas C. Vincent

---

[1] United States v. Wilson, 503 U.S. 329, 331-33 (1992).